IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


STEVEN JOHNSON                                                                        PLAINTIFF

              v.          Civil No. 5:17-cv-05067

NURSE MILLER; SERGEANT                                                          DEFENDANTS
JARED VEITH; and DEPUTY
CASEY KENSINGER


**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

According to the allegations of the complaint, while Plaintiff was incarcerated in the Benton County Detention Center, he was denied adequate medical care, verbally abused, and excessive force was used against him. Plaintiff alleges that on March 30, 2017, he was pushing the button in his cell to get help for a pain in his "belly" when he started vomiting blood. Deputy Wilkinson called the nurse and she sent him to the hospital. While he was in a booking cell, still vomiting, Plaintiff alleges he banged on the window because it was covered with black cloth to prevent him from seeing out. Plaintiff alleges Deputy Veith came into the cell and asked "what the f--- is your problem." When Plaintiff told him, Deputy Veith responded that he "did

1

not give a f---" and said he did not care if Plaintiff was lying on the floor dying. Plaintiff further alleges that Deputy Veith called him stupid and said he would never "amount to nothing."

Plaintiff alleges that on the morning of March 31, 2017, he was again vomitting up blood. Nurse Miller and Deputy Kensinger came to his cell. Plaintiff alleges Nurse Miller merely told him he should not have refused his medication, a fact Plaintiff denies, and took no further action. Deputy Kensinger then shut the cell door and Plaintiff states nothing further was done.

That same day, in the afternoon, Plaintiff alleges Deputy Kensinger cut Plaintiff's hour out of his cell short because he was talking to someone in the next pod. Plaintiff became angry and threw a mop bucket and then went in his cell and shut the door. Deputy Kensinger and other deputies then entered his cell and Plaintiff was told to face the wall and put his hands behind his back. Plaintiff alleges Deputy Kensinger then put his hand and arm up "high on my back," almost to his head, and called him a b---- in my ear."

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded

. . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014)(*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

### (A). Verbal Abuse

To state a claim under § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a federal right. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). Verbal abuse or "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)(inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987)(verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-1339 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985)(use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

All claims against Deputy Veith are subject to dismissal and the verbal abuse claims against Deputy Kensinger are also subject to dismissal.

### (B). Excessive Force

"When confronted with a claim of excessive force alleging a violation of the Eighth Amendment,[1] the core judicial inquiry is 'whether force was applied in a good-faith effort to

---

[1] Plaintiff alleges his probation had been violated and he has pending criminal charges. In view of the probation violation, the Eighth Amendment standard applies to his excessive force claim.

3

maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (*quoting Hudson v. McMilliam*, 503 U.S. 1, 6-7 (1992)). "[E]very malicious push or shove does not amount to a deprivation of constitutional rights." *Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir. 1993). "Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that turns on the circumstances of the individual case or the particular prison setting." *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (internal quotations omitted).

The Court must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, the threat to the safety of the staff and inmates, and any attempt to temper the severity of the response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986). In *Wilkins v. Gaddy*, 559 U.S. 34 (2010), the Supreme Court clarified that the extent of any resulting injury, while material to the question of damages and informative as to the likely degree of force applied, is not in and of itself a threshold requirement for proving this type of Eighth Amendment claim. *See also Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010).

No plausible claim is stated here. Plaintiff admits that he became angry and threw a mop bucket. Deputy Kensinger's conduct was in direct response to Plaintiff's conduct. Plaintiff does not contend that he suffered any injury as a result of the use of force, and while not dispositive, this certainly indicates no significant amount of force was used. Plaintiff attributes no additional use of force to Deputy Kensinger.

## IV. CONCLUSION

No plausible claims are stated against Deputy Veith and Deputy Kensinger. All claims against them are **DISMISSED** and they are **TERMINATED** as Defendants. *See* 28 U.S.C. §

1915(e)(2)(B)(i) (*in forma pauperis* action, or any portion of it, may be dismissed at any time due to frivolousness or for failure to state a claim).

    IT IS SO ORDERED on this 6th day of July, 2017.


                                         /s/ P.K. Holmes, III
                                         P. K. HOLMES, III
                                         CHIEF U.S. DISTRICT JUDGE