IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN JOHNSON                                                                                    PLAINTIFF

v.                                        Civil No. 5:17-cv-5067

NURSE MILLER                                                                                      DEFENDANT

**OPINION AND ORDER**

This is a civil rights action filed by the Plaintiff, Steven Johnson, pursuant to 42 U.S.C. § 1983. The case is currently before me on Defendant Nurse Miller's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 14). Johnson has not responded to the motion.

## I. BACKGROUND

According to the allegations of the complaint (Doc. 1), while Johnson was confined at the Benton County Detention Center, he was denied medical care by Nurse Miller after he was vomiting blood. In his complaint, Johnson states that he did not present the facts of his complaint to the county under the county's written prisoner grievance procedure, reasoning that a written grievance would have made no difference because the BCDC would not have taken action on the issue.

The Defendant moves for dismissal of Johnson's complaint because Johnson was a prisoner at the time he filed his action and because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e.

## II. LEGAL STANDARD

The PLRA "mandates early judicial screening of prisoner complaints and requires

prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007). Specifically, § 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although Johnson states that he did not pursue his administrative remedies because BCDC would not have taken action, perceived futility with respect to administrative remedies is no excuse. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999).

## IV. CONCLUSION

Because it is undisputed that the Plaintiff failed to exhaust his administrative remedies, the motion to dismiss filed by the Defendants should be **GRANTED and this matter is dismissed without prejudice.**

IT IS SO ORDERED this 22nd day of August, 2017.

*/s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE